UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PLAINTIFF, DAVID J. RUDOMETKIN<br>   CORRY P. BROOKS<br>   ALEXANDER L. DRISKILL<br>   ROBERT L. BARNETT III<br>   (and others similarly situated)<br><br>   v.<br><br>DEFENDANT, LLOYD AUSTIN III, in his<br>capacity as the Secretary of Defense | PRELIMINARY INJUNCTION<br>ADMINISTRATIVE PROCEDURE ACT<br>10 U.S.C. § 1107<br>WAIVER OF INFORMED CONSENT<br>FOR INVESTIGATIONAL NEW DRUG<br><br>Case: 1:21−cv−02220<br>Assigned To : Unassigned<br>Assign. Date : 8/17/2021<br>Description: TRO/PI (D−DECK) |

## NATURE of the CASE

1.  This is a suit brought under the Administrative Procedure Act (APA), 5 U.S.C. § 701, et seq. To redress irreparable harm by Defendant, Secretary of Defense (SECDEF), Plaintiff seeks preliminary injunction by order enjoining Defendant from administering an investigational new drug: the COVID-19 Injection Therapy/Vaccine to inmates within the military corrections system without their informed consent. The Plaintiff seeks a declaration that the waiver provision, 10 U.S.C. § 1107(f)(3) does not apply to Soldiers, Sailors, Marines, and Airmen who are confined within the military correction system, as they are exempt from any connection or participation in a particular military operation. Under such conditions, Congress has expressly prohibited the administration of investigational drugs to confined service members without their informed consent.

   a.  The COVID-19 Injection Therapy/Vaccine is not approved for general use, only under the Emergency Use Authorization.  As such, the provision of the Federal Food, Drug, and Cosmetic Act 21 U.S.C. 355(i)(4) mandates that, "such drugs [ ] being used for investigational purposes[ ] will obtain the consent of such human beings or their representatives, and that ...the proposed clinical testing poses no more than minimal risk to such human beings and includes appropriate safeguards as prescribed to protect the rights, safety, and welfare of such human beings." Id.

   b.  10 U.S.C. § 1107(f)(1) prescribes that, "in case of the administration of investigational new drug... for its applied to use a member of the armed forces **in connection with the member's participation in a particular military operation** [emphasis added], the requirement that the member provide prior consent to receive the drug in accordance with the prior consent requirement imposed under section 505(i)(4) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. 355(i)(4)) may be waived only by the President." Id.

   c.  The SECDEF is now seeking a Presidential approval to waive the 21 U.S.C. 355(i)(4) consent requirement with respect to the administration of an investigational new drug (COVID -19 Injection Therapy/Vaccine) pursuant to 10 U.S.C. § 1107(f)(3). This provision allows the SECDEF to request from the President to, "waive the prior consent requirement with respect to the administration of an investigational new drug...for its applied se to a member of the armed forces

**in connection with the member's participation in a particular military operation**." Id. [emphasis added].

d. Plaintiff contends if a waiver is provided by the President, such waiver mandating the administration of COVID-19 Injection Therapy/Vaccine as it applies to inmates without their prior consent violates federal law:

(1) The waiver does not categorically apply to inmates within the military corrections system as they cannot serve in connection with or participate in a particular military operation.

(2) The COIVD −19 Injection Therapy/Vaccine has not been approved safe and effective drug for protection against COVID-19, nor any of its variants, and;

(3) Inmates as a population do not and cannot meet waiver criteria, as enumerated in *Doe v. Sullivan*, 938 F.2d 1370, 291 U.S. App. D.C. 111 (D.C. Cir. 1991):

(a) There must be a specific military operation involving combat or the immediate threat of combat.
(b) The Department must support in writing the conclusions of Department doctors and investigators that **there exist special military combat circumstances** in which, in order to facilitate the accomplishment of the military mission, preservation of the health of the individual and the safety of other personnel require that a particular treatment be provided to a specified group of military personnel.
(c) The commissioner of the FDA must determine that there exists no available satisfactory alternative therapy.

(4) Army Regulation 190-47, *The Corrections System*, paragraph 7-5 prohibits prisoners from involuntarily participating in medical research;

(5) Army Regulation 40-562, *Immunizations and Chemoprophylaxis*, paragraph 3-3(d), immunizations for detainees is voluntary. Also, waiver of informed consent in this regulation follows the same guidelines as 10 U.S.C. § 1107(f)

(6) Prisoners cannot consent to medical experimentation, and their voluntariness of consenting to participation in therapeutic medical experimentation and research is suspect due to the inherently coercive environment of a prison— true consent is not obtainable in such conditions, see *Bailey v. Lally*, 481 F. Supp 203 (D. Md. 1979)

(7) International norms and law prohibit medical experimentation on non-consenting human subjects:

(a) The International Military Tribunal, The Nuremburg Code, states as its first principle that "[t]he voluntary consent of the human subject is absolutely essential."
(b) The World Medical Association's Declaration of Helsinki, provides that human subjects should be volunteers and grant their informed consent to participate in research.
(c) The guidelines of the Council for International Organizations of Medical Services, requires, "the voluntary consent of [a] prospective subject."
(d) Article 7 of the International Covenant of Civil and Political Rights provides that, "no one shall be subjected without his free consent to medical or scientific experimentation."

(8) 10 U.S.C. § 980 places limitations on use of humans as experimental subjects.  Any funds used for human experimentation within the DoD is prohibited for prisoners — applicable laws prohibit prisoners from being used as experimental test subjects without their informed consent. Also, a prisoner providing informed consent is suspect for reasons stated in *Bailey v. Lally*, 481 F. Supp 203 (D. Md. 1979) where conditions in a prison are inherently coercive.

(9) The justices of the Supreme Court have recognized, "[t]he medical trials at Nuremburg in 1947 have deeply impressed upon the world that experimentation with unknowing human subjects is morally and legally unacceptable." *United States v. Stanley*, 483 U.S. 669, 687, 107 S. Ct. 3054, 97 L. Ed. 2d 550 (1987).

(10) The COVID-19 Injection Therapy is not a "vaccine" (See *Blackmon v. American Home Products,* 267 F. Supp 2d 667, Civil Action No. G-02-179 (S.D. TX, 2002)), nor is it a chemoprophylaxis.

## PARTIES

2.  The Plaintiffs DAVID J. RUDOMETKIN, CORRY P. BROOKS, ALEXANDER L. DRISKILL, ROBERT L. BARNETT III (and others similarly situated) are inmates at the United States Disciplinary Barracks, Fort Leavenworth, KS  66027

3. Defendant, LLOYD AUSTIN III, is the Secretary of Defense having offices at 1000 Defense Pentagon, Washington, D.C. 20310-1000, is made a defendant in his official capacity.

4. U.S. DEPARTMENT OF DEFENSE, is a federal executive department and an agency within the meaning of the APA (5 U.S.C. § 701(b)).

5. Service on the defendant may be made under the provisions of Rule 4(i) of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction of this action under the APA, 5 U.S.C. § 701, et seq. the Fifth Amendment to the United States Constitution and the Declaratory Judgment Act, 28 U.S.C. § 2201. The APA further empowers the court to, "hold unlawful and set aside agency action, findings and conclusions found to be…(A) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (B) contrary to a constitutional right, power, privilege, or immunity; [or] (C) in excess of statutory jurisdiction, authority, or limitations or short of statutory right" 5 U.S.C. § 706(2)

7. This court has jurisdiction over this action based on 28 U.S.C. §§ 1331, 1343(a)(3), (4) because the actions arises under the U.S. Constitution and the APA.

8. Venue appropriately lies in this Court pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1391(e), is proper, because the United States District Court for the District of Columbia the Defendant has an official office.

9. This court has jurisdiction over this action based on 28 U.S.C. § 1361.  Discretionary authority of military command and the SECARMY is not without limits and mandamus jurisdiction under 28

U.S.C. § 1361 may be invoked to cure action which transgresses reasonable exercise of discretion or is arbitrary.

## GENERAL ALLEGATIONS / FACTS

10. Plaintiffs are incarcerated at the Unites States Disciplinary Barracks (USDB), Fort Leavenworth, KS.  As of 10 August 2021, the USDB leadership published guidance in an Inmate Advisory Council that 100% COVID-19 vaccination will be a requirement in the mid-September 2021 timeframe (Exhibit A)

11. Plaintiffs have suffered various injuries throughout their military careers, had adverse reactions to flu-shots, have allergies, and were forced to accept influenza vaccines under the threat of violence.  The Plaintiff and others similarly situated out of an abundance of caution do not consent to having the COVID-19 Injection/Therapy applied to them (Exhibit B) (a sample memo for record).

12. The USDB leadership use coercive tactics by constantly threatening "lockdown" and restriction of recreation activities to induce its inmate population to receive the COVID-19 Injection Therapy/Vaccine (Exhibit C).

13. DAVID J. RUDOMETKIN, CORRY BROOKS, ALEXANDER DRISKILL, ROBERT L. BARNETT III and others similarly situated have standing because they will immanently suffer injury in fact and there is a reasonable probability of suffering tangible harm in the future.

## CLAIM for RELIEF

**Count I**

Fifth Amendment to the U.S. Constitution

14. Plaintiffs re alleges and incorporates by reference the allegations contained in paragraphs 1 through 13 of this Complaint, as if fully set forth here.

15.  The Due Process Clause of the Fifth Amendment to the U.S. Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law."

16.  The Due Process Clause of the Fifth Amendment prohibits the federal government from depriving any person of substantive due process, including the equal protection of the laws.

17. An agency's violation of its own regulations may in and of itself constitute a violation of due process.  An agency of the government must scrupulously observe rule, regulations, or procedures with it has established.  When it fails to do so, its action cannot stand.

18. As described above, the immanent actions of Defendant seeking a waiver of informed consent of an experimental drug violates the Plaintiffs constitutionally protected rights by not assuring due process of law is provided in the situations described in this Complaint.

**Count II**

Administrative Procedure Act, 5 U.S.C. § 701 et seq.

19.  Plaintiffs re alleges and incorporates by reference the allegations contained in Paragraphs 1 through 13 of this Complaint, as if fully set forth here.

20. The Administrative Procedure Act provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review." 5 U.S.C. § 702.

21.  The Administrative Procedure Act further empowers the court to, "hold unlawful and set aside agency action, findings and conclusions found to be…(A) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (B) contrary to a constitutional right, power, privilege, or immunity; [or] (C) in excess of statutory jurisdiction, authority, or limitations or short of statutory right" 5 U.S.C. § 706(2)

22.  The conduct of the Defendant as described constitutes unlawful action will cause Plaintiffs (and those similarly situated) to suffer legal wrong reviewable by this Court under the APA, 5 U.S.C. § 706.

**Count III**

Declaratory and Injunctive Relief, 28 U.S.C. § 2201.

23.  Plaintiffs re alleges and incorporates by reference the allegations contained in Paragraphs 1 through 13 of this Complaint, as fully set forth here.

24.  The Declaratory Judgment Act, 28 U.S.C. § 2201, grants this Court authority to declare the Plaintiffs legal rights when an actual controversy exists.

25.  Plaintiffs and Defendant have adverse legal interests that are of sufficient immediacy and reality to warrant the issuance of a declaratory judgment in accordance with 28 U.S.C. § 2201.

26.  A failure to enjoin Defendant unconstitutional and unlawful conduct will immanently cause Plaintiffs to suffer injury that will result in the deprivation of his Fifth Amendment Due Process rights and protections against agency action that is arbitrary, capricious, in bad faith, or contrary to law.

27. Plaintiffs are entitled to injunctive relief enjoining Defendant from his unconstitutional and unlawful actions by seek a waiver to the informed consent requirement pursuant to 21 U.S.C. 355(i)(4), as it applies to incarcerated members of the Armed Forces.

## **PRAYER FOR RELIEF**

DAVID J. RUDOMETKIN, CORRY P. BROOKS, ALEXANDER L. DRISKILL, ROBERT L. BARNETT III respectfully requests that this Court enter judgment in their favor and:

A.  Declare Defendant's immanent exercise of the 10 U.S.C. §1007(f) waiver procedure as it applies to incarcerated members of the Armed Forces violates Plaintiffs and those similarly situated rights under the Fifth Amendment to the U.S. Constitution;

B.  Declare that Defendant's immanent decision to seek a waiver for informed consent of an experimental gene therapy as set forth in this Complaint as it applies to incarcerated members of the Armed Forces is arbitrary, capricious, in bad faith and contrary to law;

C.  Enjoin and immediately restrain Defendant, his agents, successors, and all persons acting in concert or participating with them from any further actions involving the Plaintiff in enforcing, applying, or implementing (or require others to enforce, apply or implement) the views, positions, and practices in violation of the Constitution, federal statutes, and Army Regulations;

D.  Award Plaintiff reasonable attorney's fees and costs of litigation reasonably incurred by the Plaintiff in this case and;

E.  Grant Plaintiffs all other and further relief to which the Plaintiffs may be justly entitled.

Dated:  11 August 2021

By: _____

DAVID J. RUDOMETKIN
Major (retired), U.S. Army

_____
CORRY P. BROOKS

_____
ALEXANDER L. DRISKILL

_____
ROBERT L. BARNETT III

Address: 1300 N. Warehouse Road, Fort Leavenworth, KS  66027
Phone: (256) 399-7147
Email:  pearlrudometkin@gmail.com