UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 30 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| DAVID J. RUDOMETKIN, *et al.*,      ) | |
|                                       ) | |
|         Plaintiffs,       ) | |
|                                       ) | |
|      v.                       ) | Civil Action No.  21-2220 (UNA) |
|                                       ) | |
| LLOYD AUSTIN, III,       ) | |
| Secretary of Defense,       ) | |
|                                       ) | |
|         Defendant.     ) | |

### ORDER

Plaintiffs David J. Rudometkin, Corry P. Brooks, Alexander L. Driskill and Robert L. Barnett, III, are incarcerated at the United States Disciplinary Barracks in Fort Leavenworth, Kansas.  *See* Compl. ¶¶ 2, 10.  The Secretary of Defense allegedly intends to administer a COVID-19 vaccine, which "is not approved for general use, only under the Emergency Use Authorization," *id*. ¶ 1.a, "to inmates within the military corrections system without their informed consent," *id.* ¶ 1.  Ordinarily, plaintiffs represent, an individual must consent to the administration of a drug used for investigational purposes.  *See id.* ¶ 1.a.  Here, plaintiffs assert, the Secretary is requesting a waiver of the consent requirement, *see id.* ¶ 1.c., pursuant to the following provision:

> The Secretary of Defense may request the President to waive the prior consent requirement with respect to the administration of an investigational new drug or a drug unapproved for its applied use to a member of the armed forces *in connection with the member's participation in a particular military operation*.

10 U.S.C. § 1107(f)(3) (emphasis added).  Plaintiffs contend that the waiver provision "does not categorically apply to inmates within the military corrections system as they cannot serve in connection with or participate in a particular military operation."  Compl. ¶ 1.d.(1).

1

Plaintiffs bring this action under the Administrative Procedure Act, *see* 5 U.S.C. § 701, *et seq.*, *see* Compl. ¶ 1, arguing that the Secretary's decision to seek a waiver of informed consent to the COVID-19 vaccine not only is arbitrary and capricious, but also "will result in the deprivation of [their] Fifth Amendment Due Process rights," *id*. ¶ 26.  In addition, plaintiffs demand a "preliminary injunction . . . enjoining [the Secretary] from administering an investigational new drug: the COVID-19 Injection Therapy/Vaccine to inmates within the military corrections systems without their informed consent."  *Id*. ¶ 1.

"[A] preliminary injunction is an extraordinary and drastic remedy . . . that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis in original) (citation omitted).  Plaintiffs "seeking a preliminary injunction must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  In the District of Columbia Circuit, courts have "traditionally balanced these four factors on a 'sliding scale' whereby a movant's unusually strong showing on one factor could compensate for weaker showings on one or more other factors."  *Pinson v. U.S. Dep't of Justice*, 177 F. Supp. 3d 474, 477 (D.D.C. 2016) (citations omitted).  The sliding scale approach is called into question, however, in light of the Supreme Court's ruling in *Winter*, which requires "some showing on each factor," *Singh v. Carter*, 185 F. Supp. 3d 11, 20 (D.D.C. 2016) (citing *Winter*, 555 U.S. at 23-24, 31-32).  Regardless of approach, the movants must demonstrate an irreparable injury.  *See Wisc. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam) (stating that the injury "must be both certain and great; it must be actual and not theoretical").  Plaintiffs do not address these factors,

and on review of the complaint and exhibits, the Court concludes that injunctive relief is not warranted.

Plaintiffs do not demonstrate a substantial likelihood on the merits of their claims, or harm to the nonmovant, or a public interest in the outcome of this case.  Nor do plaintiffs demonstrate irreparable injury, which alone is an appropriate basis to deny injunctive relief, even if plaintiffs had made an adequate showing on the remaining factors.  *See Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006).  "[T]he injury must be both certain and great; it must be actual and not theoretical." *Wisconsin Gas*, 758 F.2d at 674. Plaintiffs represent that the Secretary intends to request, not has not yet obtained, a waiver under 10 U.S.C. § 1107(f)(3).  It appears, then, that plaintiffs seek APA review of a decision the agency is contemplating but may not yet have been made.  Furthermore, plaintiffs' own exhibits suggest that exemptions based on religious beliefs or medical conditions may apply.  Lastly, recent events appear to have undermined plaintiffs' assertion that all COVID-19 vaccinations are approved only under an emergency use authorization.

Accordingly, it is hereby

ORDERED that the plaintiff's motion for a preliminary injunction [4] is DENIED WITHOUT PREJUDICE.

SO ORDERED.

DATE: August 30, 2021                          /s/
                                                         EMMET G. SULLIVAN
                                                         United States District Judge