**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
DAVID J. RUDOMETKIN et. al,         )
                                    )
          Plaintiffs,               )
                                    )
     v.                             )     Civil Action No. 1:21-CV-02220 (TSC)
                                    )
LLOYD AUSTIN III, in his capacity as the   )
Secretary of Defense,               )
                                    )
          Defendant.                )
_____  )

**DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant

respectfully moves to dismiss Plaintiffs' claims in the above-captioned action.  The grounds for

this motion are fully explained in the accompanying memorandum of law.

Dated:  September 9, 2022

Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/ Jeremy S.B. Newman*
ANDREW E. CARMICHAEL
JEREMY S.B. NEWMAN
AMY E. POWELL
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 532-3114
Fax: (202) 616-8470
Email: jeremy.s.newman@usdoj.gov
*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
DAVID J. RUDOMETKIN et. al,                          )
                                                    )
                    Plaintiffs,                      )
                                                    )
        v.                                            )        Civil Action No. 1:21-CV-02220 (TSC)
                                                    )
LLOYD AUSTIN III, in his capacity as the             )
Secretary of Defense,                                )
                                                    )
                    Defendant.                        )
_____              )

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Dated:  September 9, 2022

Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

/s/ Jeremy S.B. Newman
ANDREW E. CARMICHAEL
JEREMY S.B. NEWMAN
AMY E. POWELL
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 532-3114
Fax: (202) 616-8470
Email: jeremy.s.newman@usdoj.gov

Attorneys for Defendant

## TABLE OF CONTENTS

INTRODUCTION.....................................................................................................................1

BACKGROUND....................................................................................................................2

    I.      PROCEDURAL HISTORY .............................................................................2

    II.    PLAINTIFFS' CLAIMS ..................................................................................3

    III.   DISCIPLINARY BARRACKS INMATES ARE SUBJECT TO THE UCMJ......4

    IV.   VACCINATION OF DISCIPLINARY BARRACKS INMATES ......................5

    V.    PLAINTIFFS IN THIS ACTION.....................................................................8

LEGAL STANDARDS ...........................................................................................................8

ARGUMENT ..........................................................................................................................9

    I.      PLAINTIFFS' CLAIMS SHOULD BE DISMISSED UNDER RULE
        12(B)(1).........................................................................................................9

        A.     Plaintiffs' Second Amended Complaint Should Be Dismissed
               Because They Lack Standing to Seek Prospective Declaratory and
               Injunctive Relief....................................................................................10

        B.     Plaintiffs' Claims Must Be Dismissed Because They Have Not
               Exhausted Available Administrative Remedies.....................................11

        C.     Plaintiffs' APA Claims Are Beyond the Court's Jurisdiction Because
               They Are Not Based on a Specific Agency Action. ...............................13

        D.     Plaintiffs Lack Standing to Assert Claims of Other Inmates and
               Are Not Qualified to Represent a Class..................................................14

    II.    COUNT I OF PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED
        UNDER RULE 12(B)(6)..................................................................................15

CONCLUSION.......................................................................................................................17

# TABLE OF AUTHORITIES

## CASES

*Abbott v. Biden*,
--- F. Supp. 3d ---, 2022 WL 2287547 (E.D. Tex. June 24, 2022), *appeal filed*,
No. 22-40399 (5th Cir. June 29, 2022) ..................................................................... 16

*Adams v. U.S. Capitol Police Bd.*,
564 F. Supp. 2d 37 (D.D.C. 2008) .......................................................................... 11

*Arpaio v. Obama*,
797 F.3d 11 (D.C. Cir. 2015) ................................................................................... 10

*Artis v. Greenspan*,
223 F. Supp. 2d 149 (D.D.C. 2002) ........................................................................... 9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................................................................... 8

*Ass'n of Flight Attendants-CWA v. Chao*,
493 F.3d 155 (D.C. Cir. 2007) .................................................................................. 11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................................................... 8

*Bois v. Marsh*,
801 F.2d 462 (D.C. Cir. 1986) .................................................................................. 11

*Bowen v. City of N.Y.*,
476 U.S. 467 (1986) ................................................................................................... 11

*Burns v. Wilson*,
346 U.S. 137 (1953) ..................................................................................................... 4

*Cargill v. Marsh*,
902 F.2d 1006 (D.C. Cir. 1990) ................................................................................ 12

*Chappell v. Wallace*,
462 U.S. 296 (1983) ............................................................................................. 11, 12

*City of L.A. v. Lyons*,
461 U.S. 95 (1983) ....................................................................................................... 9

*Clapper v. Amnesty Int'l, USA*,
    568 U.S. 398 (2013) .................................................................................................. 10

*Cobell v. Kempthorne*,
    455 F.3d 301 (D.C. Cir. 2006) .................................................................................. 14

*Cobell v. Norton*,
    392 F.3d 461 (D.C. Cir. 2004) .................................................................................. 14

*Comm. for GI Rights v. Callaway*,
    518 F.2d 466 (D.C. Cir. 1975) .................................................................................. 17

*Creaghan v. Austin*,
    ---F. Supp. 3d ---, 2022 WL 1500544 (D.D.C. May 12, 2022), *appeal filed*, No. 22-5135
    (D.C Cir. May 20, 2022) ........................................................................................... 16

*Cruz-Packer v. Dist. of Columbia*,
    539 F. Supp. 2d 181 (D.D.C. 2008) .......................................................................... 11

*DeBrew v. Atwood*,
    792 F.3d 118 (D.C. Cir. 2015) .................................................................................. 15

*Dixon v. Dist. of Columbia*,
    666 F.3d 1337 (D.C. Cir. 2011) ........................................................................... 15, 17

*Driever v. United States*,
    No. 19-1807, 2020 WL 6135036 (D.D.C. Oct. 19, 2020) .......................................... 15

*Ford v. Astrue*,
    808 F. Supp. 2d 150 (D.D.C. 2011) .......................................................................... 11

*Gilligan v. Morgan*,
    413 U.S. 1 (1973) ...................................................................................................... 11

*Hall v. Sebelius*,
    689 F. Supp. 2d 10 (D.D.C. 2009) ............................................................................ 11

*Heidman v. United States*,
    414 F. Supp. 47 (N.D. Ohio 1976) ........................................................................... 11

*Jacobson v. Massachusetts*,
    197 U.S. 11 (1905) .................................................................................................... 16

*Johnson v. Brown*,
    567 F. Supp. 3d 1230 (D. Or. 2021) ......................................................................... 16

*Jones v. United States*,
   813 F. Supp. 2d 210 (D.D.C. 2011) ............................................................... 11

\* *Kareem v. Haspel*,
   986 F.3d 859 (D.C. Cir. 2021) ............................................................... 9, 10

*Khadr v. United States*,
   529 F.3d 1112 (D.C. Cir. 2008) ............................................................... 8

*Klaassen v. Trs. of Ind. Univ.*,
   7 F.4th 592 (7th Cir. 2021), *emergency application for relief denied*, No. 21A15
   (Aug. 12, 2021) ............................................................... 16

*Laird v. Tatum*,
   408 U.S. 1 (1972) ............................................................... 14

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992), *cert. denied*, 142 S. Ct. 486 (2021) ............................................................... 9

*Marcelus v. Corr. Corp. of Am./Correctional Treatment Facility*,
   540 F. Supp. 2d 231 (D.D.C. 2008) ............................................................... 11

*Mindes v. Seaman*,
   453 F.2d 197 (5th Cir. 1971) ............................................................... 11

*Moose Lodge No. 107 v. Irvis*,
   407 U.S. 163 (1972) ............................................................... 14

*Myers v. Bethlehem Shipbuilding Corp.*,
   303 U.S. 41 (1938) ............................................................... 11

*Norris v. Stanley*,
   567 F. Supp. 3d 818 (W.D. Mich. 2021), *appeal dismissed*, 2021 WL 6803021
   (6th Cir. Nov. 24, 2021) ............................................................... 16

*Ortiz v. United States*,
   138 S. Ct. 2165 (2018) ............................................................... 4

*Oxendine v. Williams*,
   509 F.2d 1405 (4th Cir. 1975) ............................................................... 15

*Parisi v. Davidson*,
   405 U.S. 34 (1972) ............................................................... 11

*Parker v. Levy*,
   417 U.S. 733 (1974) ............................................................... 11

*Phoenix Consulting Inc. v. Republic of Angola*,
   216 F.3d 36 (D.C. Cir. 2000)........................................................................8

*Romer v. Evans*,
   517 U.S. 620 (1996).................................................................................17

*Schlesinger v. Councilman*,
   420 U.S. 738 (1975).................................................................................11

*Steffan v. Perry*,
   41 F.3d 677 (D.C. Cir. 1994)............................................................15, 17

*Strunk v. Obama*,
   880 F. Supp. 2d 1 (D.D.C. 2011) ..............................................................14

*Valdez v. Grisham*,
   559 F. Supp. 3d 1161 (D.N.M. 2021), *aff'd*, 2022 WL 2129071 (10th Cir. June 14, 2022)....16

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011).................................................................................15

*Washington v. Harper*,
   494 U.S. 210 (1990).................................................................................16

*We the Patriots USA, Inc. v. Hochul*,
   17 F.4th 266 (2d Cir. 2021), *application for injunction denied sub nom.*,
   *Dr. A v. Hochul*, 142 S. Ct. 552 (2021) .................................................16

*Whitmore v. Arkansas*,
   495 U.S. 149 (1990).................................................................................10

*Workman v. Mingo Cnty. Bd. of Educ.*,
   419 F. App'x 348 (4th Cir. 2011)..............................................................16

## CONSTITUTIONAL LAW

U.S. Const., Art. I, § 8 .................................................................................4

U.S. Const., Art. III, § 2 ..............................................................................9

## STATUTES

5 U.S.C. § 701.............................................................................................3

5 U.S.C. § 704...........................................................................................14

10 U.S.C. § 802 ................................................................................................4

10 U.S.C. § 938 ...................................................................................1, 12, 13

10 U.S.C. § 951 ................................................................................................4

10 U.S.C. § 1107a ...........................................................................................2

21 U.S.C. § 360bbb-3 ......................................................................................2

42 U.S.C. § 2000bb .........................................................................................7

National Defense Authorization Act for Fiscal Year 2022,
    Pub. L. No. 117-81, 135 Stat. 1541 (2021) ..................................... 3, 4

**RULES**

Fed. R. Civ. P. 12 ....................................................................... 8, 11, 15, 17

Fed. R. Civ. P. 23 ................................................................................... 14, 15

**LEGISLATIVE MATERIALS**

H.R. 4350, 117th Cong. (2021) ...................................................................3

**OTHER AUTHORITIES**

Army Directive 2021-33, *Approval and Appeal Authorities for Military Medical and
    Administrative Immunization Exemptions* ............................................7

Army Regulation 27-10, *Military Justice* ............................................... 12

\*    Army Regulation 40-562, *Immunizations and Chemoprophylaxis for the Prevention of
    Infectious Diseases* ................................................................... 5, 6

Army Regulation 190-47, *The Army Corrections System* ................................. 2, 3, 5, 6

\*    Army Regulation 600-20, *Army Command Policy* ............................................ 7, 17

Department of Defense Instruction 1325.07 ...............................................5

Department of Defense Instruction 6205.02 ...............................................5

## INTRODUCTION

Plaintiffs, who appear *pro se*, are military prisoners ("inmates") currently confined in the United States Disciplinary Barracks ("the Disciplinary Barracks") at Fort Leavenworth, Kansas, a facility administered by the Army Corrections Council that is used to confine service members and discharged former service members who have committed serious military offenses. Plaintiffs object to various policies concerning vaccination of inmates – and other Army soldiers – against communicable diseases, but they fail to establish the Court's subject-matter jurisdiction or state a plausible claim for relief.  Plaintiffs lack standing because they fail to allege that they face an imminent threat of being required to take a vaccine to which they object; Plaintiffs each have requests for religious exemptions from vaccine requirements, which are pending.  Plaintiffs have also failed to exhaust administrative remedies, including the religious exemption request process and the process set forth under Article 138 of the Uniform Code of Military Justice for raising complaints about the conduct of commanding officers.  Plaintiffs invoke the Administrative Procedure Act ("APA"), but they fail to identify a specific agency action or actions that they are challenging as required, instead raising scattershot claims for broad programmatic changes to an agency's practices.  Plaintiffs improperly attempt to assert claims of other unnamed inmates who are not parties to this lawsuit.  And Plaintiffs' equal protection claim fails because rational bases (among others, protecting the health of soldiers and inmates, and promoting military readiness) exist for the Army's vaccination policies.  For these reasons, their complaint should be dismissed.

**BACKGROUND**

## I.     PROCEDURAL HISTORY

This action was filed in August 2021.  ECF No. 1.  At that time, Plaintiffs sought injunctive relief against the Secretary of Defense to prevent the administration of the SARS-CoV-2 ("COVID-19") vaccine to the Disciplinary Barracks inmates pursuant to a waiver of 10 U.S.C. § 1107a, the statutory authority allowing the President to waive the informed consent provisions of the Food, Drug and Cosmetic Act ("FDCA"), 21 U.S.C. § 360bbb-3, for emergency use of products that have not yet received full approval by the Food and Drug Administration ("FDA"), for members of the Armed Forces in the interests of national security. The Court denied Plaintiffs' accompanying motion for a preliminary injunction, holding that Plaintiffs "do not demonstrate a substantial likelihood on the merits of their claims, or harm to the nonmovant, or a public interest in the outcome . . . .  Nor do plaintiffs demonstrate irreparable injury, which alone is an appropriate basis to deny injunctive relief . . . ."  ECF No. 5. After the FDA gave full approval to one COVID-19 vaccine, Plaintiffs acknowledged in a court filing that "the primary issue in the original complaint is moot," because waiver of informed consent for emergency use was no longer at issue.  ECF No. 10, at 1.  The Court then ordered Plaintiffs either to amend their complaint demonstrating their entitlement to relief or to file a statement explaining why the case should not be dismissed for mootness.  ECF No. 13.

Plaintiffs then filed the First Amended Complaint, which omitted their 10 U.S.C. § 1107a claims and replaced them with vague allegations that "there are aspects of original complaint concerning involuntary vaccinations which is [sic] alarming," including claims that "Army Regulation (AR) 190-47, *The Army Corrections System,* paragraph 11-5(f)-(g) prescribes violence for inmates who elect not to receive a vaccination."  First Am. Compl., ECF No. 14,

¶ 1.  Following this, a lengthy period of time elapsed while Plaintiffs attempted to serve

Defendants, culminating with Plaintiffs filing the Second Amended Complaint prior to service of

the First Amended Complaint.  *See* Sec. Am. Compl., ECF No. 23.

## II.   PLAINTIFFS' CLAIMS

While Plaintiffs' claims in the Second Amended Complaint are difficult to discern, they

appear to represent objections, generally, to the immunization requirements applicable to the

Disciplinary Barracks inmates and the Army regulations that implement them.  Plaintiffs seek

declaratory and injunctive relief under the Due Process Clause of the Fifth Amendment to the

U.S. Constitution, the equal protection component of the Due Process Clause, and the

Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*[1]

Plaintiffs allege: (1) that "Army Regulation (AR) 190-47 . . . prescribes violence for

inmates who elect not to receive a vaccination," Sec. Am. Compl. ¶ 1.a; (2) the Disciplinary

Barracks is violating the Equal Protection clause through its use of disciplinary segregation of

inmates who "elect not to receive preventative medicine such as a vaccination," *id.* ¶ 1.b; (3) that

the vaccine schedule applicable to all service members is inapplicable for inmates, *id.* ¶ 1.c; (4)

that the Disciplinary Barracks is in violation of Army policy by not evaluating inmates for

immunity gained through previous infections, *id.* ¶ 1.d; and (5) that the Disciplinary Barracks is

in violation of *unenacted* provisions of a draft of the 2022 National Defense Authorization Act

concerning COVID-19 vaccination, *see id.* ¶ 1.e (citing H.R. 4350, § 716, 117th Cong. (2021)

(unenacted)); *compare* National Defense Authorization Act for Fiscal Year 2022, Pub. L. No.

---

[1] Rudometkin is also a plaintiff in the following proceedings, two of which are before this Court: *Rudometkin v. United States*, 1:20-cv-2687-TSC (D.D.C.); *Rudometkin v. United States*, 1:21-cv-1695-TSC (D.D.C.); *Rudometkin v. United States*, 22-1701 (Fed. Cir.); and *Rudometkin v. Johnston*, 5:22-cv-3094-JWL (D. Kan.).

3

117-81, 135 Stat. 1541 (2021) (enacted).  Additionally, plaintiffs allege that they have suffered "adverse reactions to immunizations, have various allergies, and were forced to accept influenza and other vaccines … at various times during their incarceration at the [Disciplinary Barracks]" and that "high-risk conditions for medical abuse and human experimentation exist at the [Disciplinary Barracks]." Sec. Am. Compl. ¶¶ 12-13.

## III.   DISCIPLINARY BARRACKS INMATES ARE SUBJECT TO THE UCMJ

As military prisoners at the Disciplinary Barracks, Plaintiffs are subject to the Uniform Code of Military Justice ("UCMJ").  The Constitution grants to Congress the authority "[t]o make Rules for the Government and Regulation of the land and naval Forces." U.S. Const. art. I, § 8, cl. 14.  Exercising that authority, "Congress has taken great care both to define the rights of those subject to military law, and provide a complete system of review within the military system to secure those rights." *Burns v. Wilson*, 346 U.S. 137, 140 (1953).  The military court system "begins with the court-martial itself, an officer-led tribunal convened to determine guilt or innocence and levy appropriate punishment, up to lifetime imprisonment or execution." *Ortiz v. United States*, 138 S. Ct. 2165, 2171 (2018).  For those service members convicted at court-martial and sentenced to imprisonment, Congress provides the Secretaries of the Military Departments authority to "establish[] such military correctional facilities as are necessary for the confinement of offenders against [the Uniform Code of Military Justice ("UCMJ")]." 10 U.S.C. § 951.  Military prisoners, including Disciplinary Barracks inmates, are subject to the UCMJ.  *Id.* § 802(a)(1).  Military prisoners sentenced to confinement and a punitive discharge remain subject to the UCMJ even if their discharge becomes final while they are still confined to a military correctional facility.  *Id.* § 802(a)(7) (noting that persons subject to the military's

jurisdiction include "[p]ersons in custody of the armed forces serving a sentence imposed by a court-martial.").

The Disciplinary Barracks, located in Fort Leavenworth, Kansas, is the United States Armed Forces' only maximum security confinement facility for male prisoners. Decl. of Anthony Mendez ("Mendez Decl.") ¶¶ 1-2. It provides long-term incarceration for service members of all military branches and is administered by the Army Corrections System. AR 190-47, 2-2(c). As a maximum security facility, the Disciplinary Barracks is managed to achieve maximum control and supervision over inmates due to "the seriousness of their offenses, high risk of causing injury to self or others, high escape risk, or a disposition toward or history of being dangerous, violent, or noncompliant with confinement authorities," Department of Defense Instruction ("DoDI") 1325.07, Administration of Military Correctional Facilities and Clemency and Parole Authority, Encl. 2, (7)(b)(1). Disciplinary Barracks inmates, regardless of the military branch in which they serve or served, are subject to the rules of the facility to which they are confined. DoDI 1325.07, Encl. 2, (1); Mendez Decl. ¶ 2.

## IV.   VACCINATION OF DISCIPLINARY BARRACKS INMATES

The Department of Defense's ("DoD") current immunization program is governed by DoDI 6205.02. The Military Services issued, jointly, Army Regulation ("AR") 40-562, *Immunizations and Chemoprophylaxis for the Prevention of Infectious Diseases*, to implement the DoDI's requirements to their services. Certain vaccines are required for all service members while others are required only when certain elevated risk factors are present. *See* AR 40-562, Table D-1. The Army currently requires military members, including inmates, to receive ten

vaccinations.[2]  The Army also maintains a process by which soldiers may seek, and the Army

may grant, medical or administrative exemptions to its vaccine requirements.  *Id* at 2-6.

Given the nature of Army Corrections System facilities, Army regulations authorize

Army Corrections System personnel to use restrictive and control procedures to "maintain

control of prisoners and to ensure the orderly administration of the facility."  AR 190-47, 11-2

(a).  In some instances, Army Corrections System personnel are permitted to use physical force

on inmates, but only "such force as is reasonably necessary under all attendant circumstances"

*Id*. at 11-5(a).  In narrow instances, when "a prisoner refuses to bathe or comply with haircut or

shave standards, refuses to eat, accept necessary medical attention, or be vaccinated … the

prisoner may be restrained with the reasonable force necessary to administer the appropriate

action."  AR 190-47, 11-5(f).  However, current Army policy specifically prohibits involuntary

vaccination of Army personnel with the COVID-19 vaccine.  *See* Fragmentary Order

("FRAGO") 5 to Headquarters Department of the Army ("HQDA") Execute Order ("EXORD")

225-21, *COVID-19 Steady State Operations*, ¶ 3.D.8.B.4 ("There will be no involuntary

(forcible) vaccinations.") (capitalization omitted); Mendez Decl. ¶ 5.

Inmates, regardless of their discharge status, remain eligible to request exemptions from

vaccinations for medical or administrative (including religious) reasons.  AR 40-562, 2-6.

Medical exemptions include instances where "medical contraindication relevant to a specific

vaccine" exists and are granted by the patient's treating healthcare provider.  *Id*., 2-6(a).  Army

soldiers or inmates "whose religious practices conflict with immunization requirements may

request an exemption through command channels, from company or immediate commander

through battalion, brigade, division, and GCMCA [general court-martial convening authority]

---

[2] This number includes the COVID-19 vaccine recently mandated by the Secretary of Defense.

commanders to TSG [the Surgeon General of the Army (the "Surgeon General")]." AR 600-20,
*Army Command Policy*, Appendix ("App.") P-2(b).  The process begins when an inmate submits
a "[r]equest[] for religious exemption," which "must include name, rank, MOS/branch, and a
description of the religious tenet or belief contrary to immunization," and may include other
documentation.  *Id*. App. P-2(b)(1); *see* Mendez Decl. ¶ 3.  The applicant's commander then
arranges an interview with a chaplain, who provides a memorandum addressing the religious
basis and sincerity of the inmate's request, and a licensed healthcare provider must counsel the
applicant concerning the risks and benefits of vaccination.  AR 600-20 App. P-2(b)(2), (b)(3);
Mendez Decl. ¶ 3.  The applicant's commander then recommends approval or denial of the
request, and forwards the request through command channels, ultimately to the Surgeon General,
who has authority to approve or deny the request.  AR 600-20 App. P-2(b)(4), (b)(5); Mendez
Decl. ¶ 3.  If the Surgeon General denies a request for religious exemption, the applicant can
appeal that denial to the Assistant Secretary of the Army for Manpower and Reserve Affairs.
Army Directive 2021-33, *Approval and Appeal Authorities for Military Medical and
Administrative Immunization Exemptions*; Mendez Decl. ¶ 3.

During the pendency of the request, inmates are not required to be vaccinated.  AR 600-
20, App. P-2; Mendez Decl. ¶ 4.  Requests for religious exemptions are determined under the
standard of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.*, under which
"requests for a religious accommodations from a military policy, practice, or duty that
substantially burdens a Soldier's (to include military prisoner's) exercise of religion may be
denied only when the military policy, practice, or duty furthers a compelling government interest
and is the least restrictive means of furthering that compelling government interest."  AR 600-20,
5-6(a)(2).

## V.      PLAINTIFFS IN THIS ACTION

Plaintiffs in this action are four military prisoners at the Disciplinary Barracks. Sec. Am. Compl. ¶ 11. Each Plaintiff requested a religious exemption to the COVID-19 vaccine, and some Plaintiffs requested religious exemptions to other vaccines.[3] Those requests are pending, as the Surgeon General has not yet ruled on them. Mendez Decl. ¶ 4.

## LEGAL STANDARDS

A motion brought under Rule 12(b)(1) challenges a district court's jurisdiction over the action. *See* Fed. R. Civ. P. 12(b)(1). The Plaintiff has the burden of establishing subject-matter jurisdiction when contested, *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008), and the district court is not limited to the allegations in the pleadings when resolving a motion to dismiss for lack of jurisdiction, *Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000).

A complaint is also subject to dismissal under Rule 12(b)(6) if it fails to allege facts that state a plausible claim for relief rising "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see* Fed. R. Civ. P. 12(b)(6). Legal conclusions, "naked assertions devoid of further factual enhancement," and "a formulaic recitation of the elements of a cause of action" are not accepted as true and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

---

[3] Mendez Decl. Ex. A, DD Form 510, Robert Barnett (Sept. 7, 2021) (COVID-19 vaccine); *id.* Ex. B, DD Form 510, Robert Barnett (Sept. 7, 2021) (influenza vaccine); *id.* Ex. C, DD Form 510, Corry Brooks (Aug. 31, 2021); *id.* Ex. D, DD Form 510, Alexander Driskill (Sept. 12, 2021); *id.* Ex. E, DD Form 510, David Rudometkin (Aug. 25, 2021).

## ARGUMENT

### I.   PLAINTIFFS' CLAIMS SHOULD BE DISMISSED UNDER RULE 12(B)(1).

Plaintiffs' claims should be dismissed because Plaintiffs lack standing to seek prospective declaratory and injunctive relief, because Plaintiffs have not exhausted available administrative remedies, and because they have failed to challenge a specific agency action.  Under Article III of the U.S. Constitution, a federal court's jurisdiction is limited to "Cases" or "Controversies." *See* U.S. Const. art. III, § 2, cl. 1.  "As the United States Supreme Court has made clear, one 'essential and unchanging part of the case-or-controversy requirement' is that a plaintiff must establish Article III standing to sue." *Kareem v. Haspel*, 986 F.3d 859, 865 (D.C. Cir. 2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)), *cert. denied*, 142 S. Ct. 486 (2021).  To establish Article III standing, Plaintiffs must demonstrate they "seek[] relief from an injury that is concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Kareem*, 986 F.3d at 865 (citation omitted); *see also Lujan*, 504 U.S. at 560-61.  In order to survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim [of standing] that is plausible on its face'" and "more than a sheer possibility that a defendant has acted unlawfully." *Kareem*, 986 F.3d at 866 (citation omitted).  Allegations of an "[a]bstract injury" are not sufficient to establish standing.  *City of L.A. v. Lyons*, 461 U.S. 95, 101-02 (1983).  In ruling on a motion to dismiss for lack of subject matter jurisdiction, courts "may consider material outside of the pleadings" to make their determination.  *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002).

**A.      Plaintiffs' Second Amended Complaint Should Be Dismissed Because They Lack Standing to Seek Prospective Declaratory and Injunctive Relief.**

A Plaintiff seeking prospective declaratory and injunctive relief "must establish an ongoing or future injury that is certainly impending" and may not "rest on past injury" to support their claims. *Kareem*, 986 F.3d at 865 (citation omitted). A hypothetical series of events that could lead to injury is insufficient. *Arpaio v. Obama*, 797 F.3d 11, 22 (D.C. Cir. 2015). Further, this inquiry is "especially rigorous when reaching the merits of the dispute would force [a court] to decide whether an action taken by one of the other two branches of the Federal Government was unconstitutional." *Kareem*, 986 F.3d at 865 (citation omitted).

Here, Plaintiffs have not alleged a future injury that is certainly impending. Plaintiffs contend that they will be injured if they are required to take the COVID-19 vaccine, Sec. Am. Compl. ¶ 18, but they do not and cannot allege that they will be required to do so imminently. The Plaintiffs do not claim that they are facing a certain impending order to receive a vaccination to which they object. Rather, they have pending requests for religious exemption that have not yet been decided by the Surgeon General, and they cannot be required to be vaccinated while such a request is pending. Mendez Decl. ¶ 4. It is uncertain when or how those requests will be resolved, and even if the requests are denied, Plaintiffs can file a further appeal with the Assistant Secretary of the Army for Manpower and Reserve Affairs. Furthermore, under current Army policy, "there will be no involuntary (forcible) vaccinations" for the COVID-19 vaccine. Fragmentary Order ("FRAGO") 5 to Headquarters Department of the Army ("HQDA") Execute Order ("EXORD") 225-21, *COVID-19 Steady State Operations*, ¶ 3.D.8.B.4.; Mendez Decl. ¶ 5. A "threatened injury must be *certainly impending* to constitute injury in fact," but Plaintiffs allege, at most, a "*possible* future injury," which is "not sufficient." *Clapper v. Amnesty Int'l, USA*, 568 U.S. 398, 409 (2013) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)).

**B.      Plaintiffs' Claims Must Be Dismissed Because They Have Not Exhausted Available Administrative Remedies.[4]**

"[N]o one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Ass'n of Flight Attendants-CWA v. Chao*, 493 F.3d 155, 158 (D.C. Cir. 2007) (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938)). "The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson*, 405 U.S. 34, 37 (1972); *Bowen v. City of N.Y.*, 476 U.S. 467, 484 (1986). This is especially true in the military context "given the judiciary's lack of expertise in areas of military judgment and its long-standing policy of non-intervention in internal military affairs." *Heidman v. United States*, 414 F. Supp. 47, 48 (N.D. Ohio 1976) (citing *Schlesinger v. Councilman*, 420 U.S. 738 (1975); *Parker v. Levy*, 417 U.S. 733 (1974); *Gilligan v. Morgan*, 413 U.S. 1 (1973)). Indeed, this Circuit has long recognized "that a court should not review internal military affairs in the absence of . . . exhaustion of available intraservice corrective measures." *Bois v. Marsh*, 801 F.2d 462, 468 (D.C. Cir. 1986) (quoting *Mindes v. Seaman*, 453 F.2d 197, 201 (5th Cir. 1971); *id.* (further cautioning that "[c]ivilian courts must, at the very least, hesitate long before entertaining a suit which asks the court to tamper with the established relationship between enlisted military personnel and their superior officers") (quoting *Chappell v. Wallace*,

---

[4] Courts in this District are split between treating exhaustion arguments under Rule 12(b)(1) or Rule 12(b)(6). *Compare Ford v. Astrue*, 808 F. Supp. 2d 150, 153 (D.D.C. 2011) (treating exhaustion as a jurisdictional requirement addressed under Rule 12(b)(1)); *Jones v. United States*, 813 F. Supp. 2d 210, 214 (D.D.C. 2011) (same); *Adams v. U.S. Capitol Police Bd.*, 564 F. Supp. 2d 37, 40 (D.D.C. 2008) (same), *with Hall v. Sebelius*, 689 F. Supp. 2d 10, 21-22 (D.D.C. 2009) (addressing exhaustion under Rule 12(b)(6)); *Cruz-Packer v. Dist. of Columbia*, 539 F. Supp. 2d 181, 190 (D.D.C. 2008) (same); *Marcelus v. Corr. Corp. of Am./Correctional Treatment Facility*, 540 F. Supp. 2d 231, 234-35 (D.D.C. 2008) (same). Either way, the result is the same: Plaintiffs' claims should be dismissed for failure to exhaust.

462 U.S. 296, 300 (1983)); *see also Cargill v. Marsh*, 902 F.2d 1006, 1007-08 (D.C. Cir. 1990) (affirming dismissal of service member's claim for failure to exhaust remedies).

In this instance, only one of the four named Plaintiffs even attempts to allege he has exhausted his administrative remedies.  Specifically, Plaintiffs allege "Plaintiff Robert L. Barnett III, exhausted administrative remedy [sic] by exercising Article 138, [UCMJ] Complaint on the issues presented in this complaint."  Sec. Am. Compl. ¶ 10.  However, the exhibits to the Second Amended Complaint show that even Plaintiff Barnett failed to exhaust his administrative remedies.

UCMJ Article 138 provides that any service member "who believes himself wronged by his commanding officer, and who, upon due application to that commanding officer, is refused redress, may complain to any superior commissioned officer, who shall forward the complaint to the officer exercising general court-martial jurisdiction over the officer against whom it is made."  10 U.S.C. § 938.  The plain language of the statute therefore requires at least two steps: requesting redress from a commanding officer, and then making a complaint to a superior commissioned officer upon being refused redress by the commanding officer.  The specific process for Army soldiers includes submitting an initial request for redress with the respondent commanding officer identifying the date and nature of the wrong and the redress desired.  AR 27-10, *Military Justice*, ¶ 19-6.  If the initial request for redress is unsuccessful, soldiers may then petition the first General Court Martial Convening Authority in their chain of command with their Article 138 complaint.  AR 27-10, ¶¶ 19-8, 19-9.

Plaintiffs' own filing demonstrates that Inmate Barnett's Article 138 complaint was procedurally and factually deficient.  While scattershot, one specific point of contention in the Second Amended Complaint is an alleged unlawful order he received to take the COVID-19

12

vaccine, which appears to be the issue Plaintiffs allege Inmate Barnett has "exhausted" through his Article 138 complaint.  Sec. Am. Compl. ¶ 23.  Plaintiffs attach, as Exhibit B to the Second Amended Complaint, a response to Inmate Barnett's Article 138 Complaint dated October 7, 2021.  That response states:  "Before filing an Article 138 complaint, you must first seek relief from the respondent commanding officer by making a request for redress.  As there has been no previous correspondence from you on this issue, I will treat this letter as your request for redress rather than an Article 138 complaint."  Sec. Am. Compl., Ex. B, at 1.  In other words, Barnett's complaint was not a valid Article 138 complaint because he had not requested redress from his commanding officer, but his "premature" Article 138 complaint was treated as a request for redress, which was denied.  *Id.*  Plaintiffs do not plead that Inmate Barnett took any subsequent steps to exhaust his administrative remedies by filing an Article 138 complaint.

Moreover, Plaintiffs have availed themselves of the Army's religious accommodation process to be excused from some or all of the Army's vaccination requirements.  As those requests are still pending, and may be approved, thereby mooting Plaintiffs' claims, this court lacks jurisdiction over the claims and should not inquire into them until the Army has had the opportunity to perform its administrative functions, make a factual record, and apply its special expertise in administering Army correctional facilities to render a final decision on the accommodation requests.

### C.    Plaintiffs' APA Claims Are Beyond the Court's Jurisdiction Because They Are Not Based on a Specific Agency Action.

Even if Plaintiffs' claims were sufficient to support standing for declaratory and injunctive relief, they have failed to establish that their claims brought under the APA in Count II are within the Court's jurisdiction to review.  Federal courts may "only review specific agency action or unreasonable delay by an agency" and may not order agencies to make vast

"programmatic improvements." *Cobell v. Kempthorne*, 455 F.3d 301, 305 (D.C. Cir. 2006) (quoting *Cobell v. Norton*, 392 F.3d 461, 472 (D.C. Cir. 2004)); *see also* 5 U.S.C. § 704 (limiting APA review to "final agency action"). Here, Plaintiffs do not challenge any specific agency action, such as denial of a religious accommodation request. *See* Sec. Am. Compl. ¶ 26 (purporting to challenge under the APA "[t]he conduct of the Defendant with its regulatory policies as described," but failing to identify any specific action being challenged). Although the nature of Plaintiffs' claims is unclear, they appear to be targeted at making broad programmatic changes to the manner in which the Army regulates and administers the Disciplinary Barracks, its methods of control over inmates, and the Army's vaccination requirements. Such relief is not within this Court's power to grant.

### D.   Plaintiffs Lack Standing to Assert Claims of Other Inmates and Are Not Qualified to Represent a Class.

The four named Plaintiffs purportedly assert claims on behalf of themselves "and others similarly situated," who "are inmates at the United States Disciplinary Barracks." Sec. Am. Compl. ¶ 2; *see also id.*, Prayer for Relief (named Plaintiffs "and others similarly situated respectfully requests [sic]"). However, "a litigant 'has standing to seek redress for injuries done to him, but may not seek redress for injuries done to others.'" *Laird v. Tatum*, 408 U.S. 1, 13 n.7 (1972) (quoting *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 167 (1972)); *see also Strunk v. Obama*, 880 F. Supp. 2d 1, 4 (D.D.C. 2011) (plaintiff "cannot establish standing by asserting the injuries of others"). Plaintiffs therefore lack standing to assert claims of other unnamed inmates.

The procedural mechanism to aggregate claims of those other than the named plaintiffs is a class action under Federal Rule of Civil Procedure 23. Yet Plaintiffs make no effort to plead satisfaction of Rule 23's requirements of numerosity, commonality, typicality, and adequacy.

*See* Fed. R. Civ. P. 23(a); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011).  Any

attempt to do so would be futile, as it is well-established that "a *pro se* litigant who is not trained

as a lawyer is simply not an adequate class representative." *DeBrew v. Atwood*, 792 F.3d 118,

132 (D.C. Cir. 2015); *accord Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[W]e

consider the competence of a layman representing himself to be clearly too limited to allow him

to risk the rights of others. . . . [I]t is plain error to permit this imprisoned litigant who is

unassisted by counsel to represent his fellow inmates in a class action"); *Driever v. United

States*, No. 19-1807, 2020 WL 6135036, at *4 (D.D.C. Oct. 19, 2020) ("a *pro se* litigant can

represent only herself in federal court and cannot serve as counsel for others").  Accordingly, the

Court should dismiss Plaintiffs' claims on behalf of other inmates.

## II.    COUNT I OF PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6).

While none of Plaintiffs' claims are justiciable and should be dismissed under Rule

12(b)(1), Count I of the complaint, which alleges violations of the equal protection component of

the Fifth Amendment's Due Process Clause, should also be dismissed under Rule 12(b)(6).

In an equal protection challenge to government action that "neither burdens a

fundamental right nor targets a suspect class," the challenge must be rejected "if there is any

reasonably conceivable state of facts that could provide a rational basis" for the government

action.  *Dixon v. Dist. of Columbia*, 666 F.3d 1337, 1342 (D.C. Cir. 2011) (citations omitted).

Thus, such government action "is accorded a strong presumption of validity," and "when judging

the rationality of a regulation in the military context, [courts] owe even more special deference to

the 'considered professional judgment' of 'appropriate military officials.'" *Steffan v. Perry*, 41

F.3d 677, 684-85 (D.C. Cir. 1994) (applying the "presumption of rationality" to military

regulations) (citations omitted).

The Army's vaccination requirements do not burden any fundamental right.  It is well established that "vaccination requirements, like other public-health measures, have been common in this nation" and do not burden any "fundamental right ingrained in the American legal tradition." *Klaassen v. Trs. of Ind. Univ.*, 7 F.4th 592, 593 (7th Cir. 2021), *emergency application for relief denied*, No. 21A15 (Barrett, J., in chambers) (Aug. 12, 2021); *accord Jacobson v. Massachusetts*, 197 U.S. 11, 25-31 (1905); *We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 293-94 (2d Cir. 2021), *application for injunction denied sub nom.*, *Dr. A v. Hochul*, 142 S. Ct. 552 (2021); *Workman v. Mingo Cnty. Bd. of Educ.*, 419 F. App'x 348, 355-56 (4th Cir. 2011); *Norris v. Stanley*, 567 F. Supp. 3d 818, 821 (W.D. Mich. 2021), *appeal dismissed*, 2021 WL 6803021 (6th Cir. Nov. 24, 2021); *Valdez v. Grisham*, 559 F. Supp. 3d 1161, 1172-73 (D.N.M. 2021), *aff'd*, 2022 WL 2129071 (10th Cir. June 14, 2022); *Johnson v. Brown*, 567 F. Supp. 3d 1230, 1250 (D. Or. 2021).  Military vaccination requirements likewise "have a long history in this country," starting with General George Washington's order to vaccinate the Continental Army against smallpox, and continuing through the present.  *Creaghan v. Austin*, --- F. Supp. 3d ---, 2022 WL 1500544, at *1 (D.D.C. May 12, 2022), *appeal filed*, No. 22-5135 (D.C Cir. May 20, 2022); *see also Abbott v. Biden*, --- F. Supp. 3d ---, 2022 WL 2287547, at *6 (E.D. Tex. June 24, 2022), *appeal filed*, No. 22-40399 (5th Cir. June 29, 2022).[5]  Similarly, the Army's vaccination requirements do not target a suspect class, and Plaintiffs have not even

---

[5] Plaintiffs suggest that "the forcible injection of medication into a nonconsenting person's body" would interfere with constitutionally protected liberty interests.  Sec. Am. Compl. ¶ 17 (quoting *Washington v. Harper*, 494 U.S. 210, 229 (1990)).  The Court need not decide this question because Plaintiffs do not face an imminent threat of forcible injection, as Plaintiffs have pending requests for religious exemption, and the Army's current policy is not to forcibly inject the COVID-19 vaccine.  *See supra*, Part I.A; Fragmentary Order ("FRAGO") 5 to Headquarters Department of the Army ("HQDA") Execute Order ("EXORD") 225-21, *COVID-19 Steady State Operations*, ¶ 3.D.8.B.4.

alleged that it does.  The Army's vaccine schedule applies to all members of the Army, including inmates in ACS facilities.  AR 600-20 ¶ 5-6 (a)(2).

Because Plaintiffs do not plausibly allege that the Army's vaccination requirements burden any fundamental right or target a suspect class, Count I must be dismissed if the requirement "bears a rational relation to some legitimate end."  *Dixon*, 666 F.3d at 1342 (quoting *Romer v. Evans*, 517 U.S. 620, 631 (1996)); *see also Steffan*, 41 F.3d at 685 (requiring "even more special deference" when judging rationality in the military context).  Maintaining force health and readiness is manifestly rational, as is protecting the health of inmates at the Disciplinary Barracks by taking steps to limit the spread of a respiratory infectious disease in a prison setting.  *See*, *e.g.*, *Comm. for GI Rights v. Callaway*, 518 F.2d 466, 480 (D.C. Cir. 1975) (upholding regulations that "maintain[] the readiness and fitness of [the] Armed Forces" as "reasonable and constitutionally valid").

Since Plaintiffs fail to demonstrate that the vaccination requirements for Disciplinary Barracks inmates burden a fundamental right or target a suspect class, and because they fail to demonstrate – or even allege – that those requirements are not rational, Count I of the Second Amended Complaint must be dismissed under Rule 12(b)(6).

## CONCLUSION

The Court should grant Defendant's Motion to Dismiss and dismiss Plaintiffs' claims for lack of subject-matter jurisdiction or for failure to state a claim.

Dated:  September 9, 2022                     Respectfully Submitted,

                                              BRIAN M. BOYNTON
                                              Principal Deputy Assistant Attorney General

                                              ALEXANDER K. HAAS
                                              Director, Federal Programs Branch

                                              ANTHONY J. COPPOLINO
                                              Deputy Director

                                              */s/ Jeremy S.B. Newman*
                                              ANDREW E. CARMICHAEL
                                              JEREMY S.B. NEWMAN
                                              AMY E. POWELL
                                              Trial Attorneys
                                              United States Department of Justice
                                              Civil Division, Federal Programs Branch
                                              1100 L Street, N.W.
                                              Washington, DC 20005
                                              Tel: (202) 532-3114
                                              Fax: (202) 616-8470
                                              Email: jeremy.s.newman@usdoj.gov

                                              *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this 9th day of September 2022, I caused a copy of the foregoing document

to be sent by United States mail, first class postage paid and addressed as follows, to each Plaintiff:

David J. Rudometkin
R#96434
U.S. Disciplinary Barracks
1300 N. Warehouse Road
Fort Leavenworth, KS 66027

Corry P. Brooks
R#95930
U.S. Disciplinary Barracks
1300 N. Warehouse Road
Fort Leavenworth, KS 66027

Alexander L. Driskill
R#96520
U.S. Disciplinary Barracks
1300 N. Warehouse Road
Fort Leavenworth, KS 66027

Robert L. Barnett, III
R#97589
U.S. Disciplinary Barracks
1300 N. Warehouse Road
Fort Leavenworth, KS 66027

/s/  *Jeremy S.B. Newman*
Jeremy S.B. Newman
Trial Attorney