UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID J. RUDOMETKIN *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 21-cv-2220 (TSC) |
| ) | |
| LLOYD J. AUSTIN, III, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Four prisoners at the U.S. Disciplinary Barracks (USBD) in Fort Leavenworth, Kansas, sued the U.S. Secretary of Defense *pro se* for relief under the Administrative Procedure Act (APA). Defendant has moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), ECF No. 25. For the reasons explained below, Defendant's motion will be GRANTED.

**I. BACKGROUND**

The USBD is the Department of Defense's (DOD) only maximum-security penitentiary for male service members serving a sentence exceeding ten years of confinement. All "inmates regardless of their Service branch are subject to the Army's regulations for administering the facility." Decl. of Anthony Mendez ¶ 2, ECF No. 25-1.

Plaintiffs initially challenged DOD's alleged waiver policy on COVID-19 vaccinations. *See* Order, ECF No. 5 (denying preliminary injunction). They later

notified the court that their original claim was moot and were twice granted leave to file an amended complaint. *See* Order, ECF No. 13; Min. Order (July 7, 2022). In their second amended complaint (Am. Compl.), Plaintiffs allege generally that "at various times during their incarceration at USDB from 2018-2021," they "were forced to accept influenza and other vaccines under the threat of violence" and that they "had adverse reactions to immunizations" and "various allergies." Am. Compl., ECF No. 23 at 4.

Plaintiffs assert claims under the due process clause of the Fifth Amendment (Count I); the APA (Count II); and the Declaratory Judgment Act, codified at 28 U.S.C. § 2201.[1] Am. Compl. at 5-6. Plaintiffs request a declaration that (1) "Defendant's regulatory policies authorizing the use [of] violence against inmates who elect not to accept preventative medicine such as a vaccine violate" the Fifth Amendment, and (2) "USBD inmates have the same rights as a 'detainee' as described in AR 40 562 paragraph 3-3(d) for purposes of 'voluntarily' receiving vaccines." *Id*. at 6. In addition, Plaintiffs request an order striking alleged regulatory language "authorizing the use of force for inmates who elect not to accept immunizations" and the labeling of such inmates as "Disobedience." *Id*.

## II. LEGAL STANDARD

Defendant seeks dismissal first under Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction. "Federal district courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute,

---

[1] The Declaratory Judgment Act provides neither an independent basis for jurisdiction, *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671-72 (1950), nor a private cause of action, *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011). Rather, it creates a remedy wholly dependent on "the existence of a judicially remediable right" secured by federal law or the Constitution. *Id*.

which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "Subject-matter jurisdiction can never be waived or forfeited" because it "goes to the foundation of the court's power to resolve a case." *Gonzalez v. Thaler*, 565 U.S. 134,141 (2012); *Doe ex rel. Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996). Before proceeding to the merits of a claim, a court must satisfy itself that it has subject-matter jurisdiction to consider the claim. In the absence of subject-matter jurisdiction, the court "has no authority to address the dispute presented." *Lovitky v. Trump*, 949 F.3d 753, 763 (D.C. Cir. 2020) (citation omitted).

In evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). Nevertheless, "'the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.'" *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)). And while courts construe *pro se* filings liberally, *see Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), the non-justiciability of a case and the absence of jurisdiction cannot be overcome by liberal construction of the complaint.

### III.  ANALYSIS

Defendant argues that Plaintiffs lack constitutional standing.  Mem., ECF No. 25 at 19.  The court agrees.

Article III of the U.S. Constitution limits federal courts' jurisdiction to particular "cases" and "controversies." U.S. Const. Art. 3, § 2, cl. 1.  The Supreme Court has consistently explained that "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal court jurisdiction to actual cases or controversies." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)).  Together, the doctrines of standing, ripeness, and mootness serve a common purpose: to ensure that federal courts resolve only "Cases" and "Controversies" within the meaning of the Constitution.  U.S. Const. art. III, § 2.

"The 'irreducible constitutional minimum' for standing is (i) the party must have suffered a concrete and particularized injury in fact, (ii) that was caused by or is fairly traceable to the actions of the defendant, and (iii) is capable of resolution and likely to be redressed by judicial decision." *Sierra Club v. EPA*, 755 F.3d 968, 973 (D.C. Cir. 2014) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  In other words, to establish standing as a constitutional matter, a plaintiff must "demonstrate the existence of a 'personal injury fairly traceable to the opposing party's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Delta Air Lines, Inc. v. Export–Import Bank of U.S.*, 85 F. Supp. 3d 250, 260 (D.D.C. 2015) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)).  To show an injury in fact, a plaintiff must have suffered "an invasion of a legally protected interest which is (a) concrete and

particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks and citations omitted); *see* 5 U.S.C. § 702 (restricting APA review to "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute").[2]

When, as here, a plaintiff seeks injunctive relief, "[t]he standing requirement . . . cannot be met absent a showing of a real or immediate threat that the plaintiff will be wronged again." *Jefferson v. Stinson Morrison Heckler LLP*, 249 F. Supp. 3d 76, 81 (D.D.C. 2017) (internal quotation marks omitted). Past harm "is not enough to establish a present controversy, or in terms of standing, an injury in fact." *Am. Soc'y for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 317 F.3d 334, 336 (D.C. Cir. 2003). "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to merely conjectural or hypothetical—threat of future injury." *Nat. Res. Def. Council v. Pena*, 147 F.3d 1012, 1022 (D.C. Cir. 1998). A court may not issue "what would amount to an advisory opinion without the possibility of any judicial relief." *Illinois v. Ferriero*, 60 F.4th 704, 714 (D.C. Cir. 2023) (internal quotation marks and citation omitted).

---

[2] Section 706(1) of the APA authorizes claims for injunctive relief "where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphases in original). This "limitation precludes the kind of broad programmatic" changes Plaintiffs appear to seek. *Id*.

Plaintiffs do not dispute that pursuant to Army regulations (1) their respective request for a religious exemption from one or more vaccinations is pending,[3] (2) they are not required to be vaccinated until the request is decided, and (3) they have the right to appeal the denial of such request to the Assistant Secretary of the Army for Manpower and Reserve Affairs. Mendez Decl. ¶¶ 3-5. Therefore, Plaintiffs have not satisfied the redressable injury requirements of standing. And as *pro se* litigants, Plaintiffs can neither prosecute the claims of other military prisoners nor serve as a class representative. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *DeBrew v. Atwood*, 792 F.3d 118, 132 (D.C. Cir. 2015) (A "*pro se* litigant who is not trained as a lawyer is simply not an adequate class representative."); *cf.* Pl.'s Surreply, ECF No. 34 at 2, 7 (pleading on behalf of "all persons in custody of the U.S. Army").

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be GRANTED. A corresponding order will issue separately.

Date:  August 17, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[3]  Plaintiff Alexander Driskill requested an exemption from the COVID-19 vaccine only. *See* Ex. D to Mendez Decl., ECF No. 25-1. Any claim arising from that vaccination, however, is moot. *See supra* at 1-2.